1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   BRANDON L. SHERMAN,                          CASE NO. 1:09-cv-00420-LJO-SKO PC

10                          Plaintiff,           FINDINGS AND RECOMMENDATIONS

11          v.                                   (Doc. 19)

12   F. GONZALEZ, et al.,                        OBJECTIONS DUE WITHIN 30 DAYS

13                          Defendants.
                                         /
14

15          Plaintiff Brandon L. Sherman ("Plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 11, 2010, Defendants

17   Walker, Rocha, and Pinkerton (referred to collectively as "Defendants") filed a motion to dismiss

18   under Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff's complaint fails to state

19   a claim upon which relief can be granted under Section 1983.  (Doc. #19.)  Plaintiff filed an

20   opposition on March 17, 2010.  (Doc. #22.)  Defendants filed a reply on March 18, 2010.  (Doc.

21   #23.)

22   **I.      Background**

23          **A.      Plaintiff's Claims Against Defendants Walker, Rocha, and Pinkerton**

24          This action proceeds on Plaintiff's complaint filed on March 5, 2009.  (Doc. #1.)  Plaintiff

25   was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California at the time of the

26   events described in his complaint.  (Compl. ¶ 4.)  Plaintiff claims that he suffered injury when

27   sewage from his toilet flooded his cell on July 10, 2007.  (Compl. ¶ 18.) Plaintiff complains that the

28   correctional officers (including Defendants Walker, Rocha, and Pinkerton) ran out of the building

1    when the flooding began and left all the prisoners locked in their cells.  (Compl. ¶ 18.)  Plaintiff

2    alleges that the officers failed to check to see if any prisoners were suffering any ailments or injuries

3    and needed to be evacuated.  (Compl. ¶ 18.)  Plaintiff was left in his cell for five (5) hours without

4    fresh water to drink.  (Compl. ¶ 18.)  Plaintiff alleges that he suffered a severe asthma attack as a

5    result of the smell from the sewage.  (Compl. ¶ 18.)

6          When the officers returned after five (5) hours, Defendant Walker approached Plaintiff's cell

7    and asked if Plaintiff was all right.  (Compl. ¶ 18.)  Plaintiff could not speak and shook his head

8    "no."  Defendant Rocha ordered Defendant Pinkerton to open the cell and Plaintiff was taken to the

9    medical clinic.  (Compl. ¶ 18.)  Plaintiff had to be taken to a hospital outside the prison for

10   emergency treatment.  (Compl. ¶ 19.)  Plaintiff claims that his heart had stopped and a tube had to

11   be placed down his penis to allow him to urinate.  (Compl. ¶ 19.)

12          **B.      Defendants' Motion to Dismiss**

13          Defendants argue that they are entitled to dismissal under Federal Rule of Civil Procedure

14   12(b)(6) because Plaintiff fails to state a claim against them.  Defendants also argue that they are

15   entitled to qualified immunity.

16          Defendants argue that Plaintiff has failed to state a claim under Section 1983 because the

17   facts alleged do not amount to an Eighth Amendment violation.  Defendants argue that Plaintiff has

18   failed to allege facts to show that the alleged deprivation caused by Defendants was sufficiently

19   serious under Eighth Amendment standards.  (Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss

20   4:1-5:4.)  Defendants argue that exposure to the smell of human feces and the deprivation of fresh

21   water for five (5) hours is not a substantial deprivation.  (P. & A. in Supp. of Defs.' Mot. to Dismiss

22   4:27-5:1.)  Defendants argue that the temporary deprivation is not actionable under the Eighth

23   Amendment.  (P. & A. in Supp. of Defs.' Mot. to Dismiss 5:1-2.)

24          Defendants also argue that Plaintiff did not demonstrate that Defendants acted with deliberate

25   indifference.  (P. & A. in Supp. of Defs.' Mot. to Dismiss 5:5-23.)  Defendants argue that Plaintiff

26   has not plead facts to suggest that Defendants Walker, Rocha, and Pinkerton had actual knowledge

27   of a substantial risk to Plaintiff's safety.  (P. & A. in Supp. of Defs.' Mot. to Dismiss 5:7-9.)

28   Defendants also argue that Plaintiff has not alleged a risk so obvious that knowledge of the risk could

1   be inferred. (P. & A. in Supp. of Defs.' Mot. to Dismiss 5:7-9.)  Defendants note that Plaintiff has

2   not alleged that Walker, Rocha, or Pinkerton knew that Plaintiff had a medical condition or that the

3   smell of human feces would trigger a serious asthma attack. (P. & A. in Supp. of Defs.' Mot. to

4   Dismiss 5:17-19.) Defendants further contend that Plaintiff has not alleged facts to demonstrate that

5   Defendants knew that Plaintiff was in need of drinking water.   (P. & A. in Supp. of Defs.' Mot. to

6   Dismiss 5:19-20.)

7          Finally, Defendants assert that they are entitled to qualified immunity.   (P. & A. in Supp.

8   of Defs.' Mot. to Dismiss 5:24-7:18.)  Defendants argue that there is no clearly established law that

9   would have placed a reasonable correctional officer on notice that the temporary deprivation of

10  sanitation and drinking water amounted to a constitutional violation.   (P. & A. in Supp. of Defs.'

11  Mot. to Dismiss 7:3-5.)

12         **C.     Plaintiff's Opposition**

13         Plaintiff argues in opposition that it was deliberately indifferent for Walker, Rocha, and

14  Pinkerton to leave Plaintiff in his cell with overflowing sewage and no water or ventilation. (Mem.

15  of P. & A. in Supp. of Pl.'s Mot. of Opp'n to Defs.' Mot. to Dismiss 4:26-5:8.) Plaintiff argues that

16  leaving him in that unhealthy and inhumane environment for a five-hour period caused Plaintiff to

17  suffer a near death experience. (Opp'n 4:26-5:8.) Plaintiff further argues that "Defendants had some

18  type of knowledge that the situation could cause some type [of] illness to their health" because they

19  immediately evacuated themselves from the area when the sewage began to overflow. (Opp'n 5:8-

20  11.)

21         **D.     Defendants' Reply**

22         In their reply, Defendants again argue that Plaintiff's allegations do not meet the standard for

23  deliberate indifference under the Eighth Amendment.  Defendants contend that Plaintiff has not

24  alleged facts to demonstrate that Defendants were aware of any substantial risk of harm or that they

25  disregarded such a risk. (Reply in Supp. of Defs.' Mot. to Dismiss 2:24-26.) Defendants argue that

26  the fact that they fled the building does not support the inference that they were aware of any risk

27  of harm. (Reply 2:24-26.) Further, Defendants argue that they are entitled to qualified immunity

28  ///

1  because Plaintiff has not shown that it would have been sufficiently clear to a reasonable official that

2  Defendants' actions violated the constitution.  (Reply 3:10-12.)

3  **II.    Discussion**

4      **A.    Failure to State a Claim**

5        Defendants argue that Plaintiff has failed to allege sufficient facts to state a claim under

6  Section 1983.  To survive a motion to dismiss for failure to state a claim, a complaint must meet the

7  pleading standard set by Federal Rule of Civil Procedure 8.  Under Rule 8(a), a complaint must

8  contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

9  R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

10  allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

11  accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

12  Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

13  accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

14  U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

15  liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id.

16  (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual

17  allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

18  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

19  statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

20        Defendants argue that Plaintiff fails to state a claim for relief for a violation of the Eighth

21  Amendment.  The Eighth Amendment prohibits the imposition of cruel and unusual punishments

22  and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and

23  decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571,

24  579 (8th Cir. 1968)).  A prison official violates the Eighth Amendment only when two requirements

25  are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the

26  subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer

27  v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

28  ///

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).   The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303).   A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837.   "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993).   "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan, 465 F.3d at 1045 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

Plaintiff claims that his Eighth Amendment rights were violated when Defendants Walker, Rocha, and Pinkerton left Plaintiff in his cell while sewage flooded the housing tier.   As a result, Plaintiff suffered a serious asthma attack and was hospitalized.   Defendants challenge the sufficiency of Plaintiff's allegations on two grounds: (1) the alleged deprivation was not "sufficiently serious," and (2) Plaintiff has not alleged that Defendants acted with deliberate indifference.

## 1. Sufficiently Serious Deprivation

Defendants argue that the alleged deprivation was not sufficiently serious.   Defendants characterize the sewage incident as "a non-actionable temporary deprivation." (P. & A. in Supp. of Defs.' Mot. to Dismiss 5:1-2.)   Defendants cite Anderson v. County of Kern, 45 F.3d 1310 (9th Cir.

5

1  1995), <u>Smith v. Copeland</u>, 87 F.3d 265 (8th Cir. 1996), and <u>Jones v. Solano County Sheriff</u>, No. CIV

2  S-07-1937 MCE JFM P, 2008 WL 220319 (E.D. Cal. Jan. 25, 2008), to support the proposition that

3  temporary unsanitary conditions caused by sewage or plumbing incidents do not constitute a "serious

4  deprivation" within the meaning of the Eighth Amendment.

5          In <u>Anderson</u>, the Ninth Circuit held that the conditions of an unsanitary "safety cell" did not

6  rise to the level of an Eighth Amendment violation.  The cell in question was described as "dirty and

7  smelled bad."  <u>Anderson</u>, 45 F.3d at 1314.  Inmates in the cell were occasionally shackled to a grate

8  over a pit toilet that was encrusted with excrement and urine.  <u>Id.</u> at 1313.  The <u>Anderson</u> plaintiffs

9  also complained about temporary deprivation of sinks, stand-up toilets, and beds for short periods

10  of time.  <u>Id.</u> at 1314.

11          The Court notes that at this stage in litigation, it is difficult for the Court to assess whether

12  a five-hour exposure to flooded sewage compares to the conditions in <u>Anderson</u>, in terms of the

13  severity of the deprivation.  However, Plaintiff has alleged that the injuries he sustained from the

14  conditions in his cell were more severe than any injuries presented in <u>Anderson</u>.  In <u>Anderson</u>, there

15  was no evidence of any risk of physical harm caused by the unsanitary conditions of the safety cell.

16  An inmate testified that the cell made "him feel 'awful', 'depressed', 'claustrophobic', and

17  'degraded.'"  <u>Id.</u> at 1313.  An expert testified that the conditions of the safety cell "would be

18  psychologically damaging to anyone."  <u>Id.</u> at 1313-14.  In contrast, Plaintiff has alleged that he has

19  suffered significant physical harm from the conditions in his cell.  Plaintiff was rushed to an outside

20  hospital for emergency treatment after the unsanitary conditions triggered a severe asthma attack,

21  and claims his heart stopped temporarily.

22          In <u>Smith v. Copeland</u>, the Eighth Circuit denied Smith's Eighth Amendment claim based on

23  exposure to raw sewage from an overflowing toilet because "Smith did not allege that he was

24  exposed to disease or suffered any other consequences of the exposure."  <u>Smith v. Copeland</u>, 87 F.3d

25  at 268.  Further, correctional officers stated that Smith declined an offer to flush the toilet and clean

26  up the mess.  <u>Id.</u>  Here, Plaintiff has explicitly alleged that the exposure to sewage triggered a severe

27  asthma attack.  There is also no allegation that Plaintiff had the opportunity to remedy the situation

28  by cleaning up the mess.

1    In <u>Jones</u>, the district court dismissed the plaintiff's complaint at the screening stage.  <u>Jones</u>

2    <u>v. Solano County Sheriff</u>, No. CIV S-07-1937 MCE JFM P, 2008 WL 220319, at *1-2 (E.D. Cal.

3    Jan. 25, 2008).  In <u>Jones</u>, the plaintiff complained that foul sewage backed up in his sink.  <u>Id.</u>  The

4    district court characterized the plaintiff's allegations as establishing "mere negligence."  <u>Id.</u>  The

5    district court noted that the plaintiff had alleged that a plumber had attempted to remedy the situation

6    and that prison officials closed the plaintiff's cell, moved him, and provided medical treatment.  <u>Id.</u>

7    The district court concluded that such allegations did not constitute deliberate indifference on the

8    part of defendants and dismissed the claims.  <u>Id.</u>  Thus, the dismissal was based on the deliberate

9    indifference prong of an Eighth Amendment claim, not the objective, "sufficiently serious," prong.

10   <u>See</u> discussion <u>infra</u> Part II.A.2. (discussing deliberate indifference prong).  The Court also notes that

11   there is no indication that the plaintiff in <u>Jones</u> suffered any severe injury as a result of the exposure

12   to the raw sewage.  It is unclear at this stage in the litigation whether the severity of the exposure

13   alleged here is comparable to the severity of the exposure alleged in <u>Jones</u>.  Plaintiff's allegations

14   regarding the extent of the flooding and the injuries he suffered suggest that the deprivation suffered

15   here was substantially more severe than the deprivation alleged in <u>Jones</u>.

16   Plaintiff's situation is also distinguishable from <u>Anderson</u>, <u>Smith</u>, and <u>Jones</u> because Plaintiff

17   alleges that Defendants fled the building where Plaintiff was housed without checking whether the

18   inmates left inside were in need of medical attention.  Further, Plaintiff complains that he did not

19   have access to clean drinking water for five (5) hours.  Plaintiff's exposure to the unsanitary

20   conditions, combined with the fact that Plaintiff was unable to alert any prison officials about any

21   medical emergencies and the fact that Plaintiff had no access to clean drinking water may be enough

22   to constitute a substantial deprivation within the meaning of the Eighth Amendment.  Defendants

23   stress the fact that the unsanitary conditions were only temporary.  However, Plaintiff's complaint

24   alleges sufficient facts that, while temporary, the conditions were so severe that the five (5) hours

25   of exposure violated the Eighth Amendment.

26   Defendants may be able to present evidence that demonstrates that the conditions alleged by

27   Plaintiff are not severe enough to violate the Eighth Amendment.  However, at the pleading stage,

28   the Court cannot find that <u>Anderson</u>, <u>Smith</u> or <u>Jones</u> forecloses the possibility than an inmate can

1  raise an Eighth Amendment claim premised on unsanitary conditions caused by exposure to sewage

2  for a period of five (5) hours. Plaintiff's complaint alleges facts that support the plausible conclusion

3  that the exposure to sewage for five (5) hours was a substantial deprivation because it exposed

4  Plaintiff to a substantial risk of serious harm.  The Court finds that for the purpose of pleading,

5  Plaintiff has alleged sufficient facts to support his claim.  The Court finds that Plaintiff's allegations

6  are sufficient to demonstrate that he was exposed to a sufficiently serious deprivation.

7  ## 2.   Deliberate Indifference

8  Defendants argue that Plaintiff has not alleged any facts that show that Defendants Walker,

9  Rocha, and Pinkerton knew of any substantial risk to Plaintiff's health.  Defendants rely on the

10  absence of any allegation in Plaintiff's complaint that establishes that Walker, Rocha, or Pinkerton

11  were aware that Plaintiff had a medical condition that would have been aggravated by the flooded

12  sewage.  Plaintiff argues that the fact that Walker, Rocha, and Pinkerton fled the building for five

13  (5) hours plausibly supports the conclusion that they were aware of a substantial risk to Plaintiff's

14  health and safety.

15  The Court finds that Plaintiff's complaint states sufficient facts to support the conclusion that

16  Walker, Rocha, and Pinkerton were aware of a substantial risk of harm to Plaintiff and that they

17  deliberately disregarded that risk.  It is true that nothing in Plaintiff's complaint suggests that Walker,

18  Rocha, or Pinkerton were aware that Plaintiff had an asthma condition or other medical condition

19  that would have been exacerbated by exposure to the flooding sewage.  However, the Court finds

20  that it is plausible to conclude that Walker, Rocha, and Pinkerton were aware that abandoning the

21  building for five (5) hours without checking on the welfare of the inmates they left behind would

22  have posed a substantial threat to the safety of those inmates, irrespective of the existence of any

23  particular medical condition.  By fleeing the building, Defendants were presumably aware that the

24  inmates were left with no available means of alerting prison officials about any medical emergencies.

25  Plaintiff's medical condition was not discovered until Defendants returned five (5) hours later.

26  Further, the act of fleeing itself can be construed as reflecting awareness of the severity of the

27  situation.

28  While the Court recognizes that Defendants may have fled the building simply because the

8

smell of the sewage was merely inconvenient, at this stage in the litigation Plaintiff is only obligated to allege facts that plausibly support the conclusion that Defendants were aware of a substantial risk to Plaintiff's health and safety and that they disregarded that risk.   Defendants may be able to introduce evidence later to demonstrate that they were ignorant of any risk to Plaintiff's health and safety.   However, the Court finds that, based on the allegations in his complaint, Plaintiff's conclusion that Defendants were aware of the risk is plausible.   Plaintiff's complaint alleges sufficient facts to state a claim for relief under Section 1983 against Defendants Walker, Rocha, and Pinkerton.

### B.   Qualified Immunity

Defendants argue that they are entitled to qualified immunity from Plaintiff's claims because Plaintiff has failed to show that any clearly established Eighth Amendment violation has occurred. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"   Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).   "The protection of qualified immunity applies regardless of whether the government official's error 'is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'"   Id. (quoting Groh v. Ramirez, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)).   Questions regarding qualified immunity should be resolved at the earliest possible stage in litigation because qualified immunity serves as an immunity from suit rather than a mere defense to liability.   Id.

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court mandated a two-step sequence for resolving claims of qualified immunity.   First, a court must decide whether the facts alleged by a plaintiff set forth a violation of a constitutional right.   Saucier, 533 U.S. at 201.   Second, if the plaintiff has satisfied the first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.   Id.   If the defendant did not violate a clearly established constitutional right, the defendant is entitled to qualified immunity from plaintiff's claims.   Pearson, 129 S. Ct. at 816 (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)).   However, the Supreme Court has since held that the Saucier sequence is not mandatory in

9

1   all cases and courts may resolve the "clearly established" question first when the <u>Saucier</u> sequence

2   would result in a "substantial expenditure of scarce judicial resources on difficult questions that have

3   no effect on the outcome of the case." <u>Id.</u> at 818.

4        The Court has already concluded that the facts alleged show that Defendants violated

5   Plaintiff's Eighth Amendment rights by leaving him in a housing tier flooded with sewage for five

6   (5) hours without clean drinking water and without any means to alert prison officials about his

7   medical emergency. <u>See</u> discussion <u>supra</u> Part II.A. The Court's discussion satisfies the first step

8   in the qualified immunity analysis.

9        Defendants argue that they are still entitled to qualified immunity because "no clearly

10  established law would have placed a reasonable correctional officer on notice that temporary

11  deprivation of sanitation and drinking water violated the constitution." (P. & A. in Supp. of Defs.'

12  Mot. to Dismiss 7:3-5.) The Court disagrees.

13       Assuming the truth of the facts alleged in Plaintiff's complaint, it is not reasonably disputable

14  that the conditions in Plaintiff's cell violated the Eighth Amendment. It is clearly established that

15  the Eighth Amendment's prohibition against cruel and unusual punishment requires that prison

16  officials to provide prisoners with basic necessities such as food, clothing, shelter, sanitation,

17  medical care, and personal safety. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994); <u>Helling v.</u>

18  <u>McKinney</u>, 509 U.S. 25, 31 (1993); <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986)

19  abrogated on other grounds by <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). "Unquestionably, subjection

20  of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain

21  within the meaning of the Eighth Amendment." <u>Anderson</u>, 45 F.3d at 1314.

22       Plaintiff has alleged that the lack of sanitation was so severe that it caused him to suffer a

23  severe asthma attack that required emergency medical treatment. Assuming Plaintiff's allegations

24  are true and Defendants were aware of a substantial risk to the health and safety of the inmates left

25  in the building, it is clearly established that the conditions and Defendants' response violated the

26  Eighth Amendment. Defendants may be able to present evidence that demonstrates that they did not

27  know that the five (5) hour deprivation of sanitation and drinking water posed a serious risk to

28  Plaintiff's health. However, such evidence is relevant to the question of whether Defendants acted

with deliberate indifference, not to the question of whether Defendants' actions, as alleged in Plaintiff's complaint, violate clearly established law.  At this stage in the litigation, the Court must accept the facts alleged by Plaintiff as true, and the facts alleged support the conclusion that Defendants acted with deliberate indifference and violated clearly established law.

**III.    Conclusion and Recommendation**

The Court finds that Plaintiff's complaint states a claim for relief against Defendants Walker, Rocha, and Pinkerton for the violation of Plaintiff's rights under the Eighth Amendment.  Plaintiff alleges sufficient facts to plausibly support the conclusion that the unsanitary conditions in his cell posed a risk to his health that was sufficiently serious under the Eighth Amendment.  Plaintiff also alleges sufficient facts to plausibly support the conclusion that Defendants were aware of the risk and acted with deliberate indifference.  Finally, the Court finds that the Eighth Amendment law regarding unconstitutional conditions of confinement was clearly established for qualified immunity purposes.

Accordingly, it is HEREBY RECOMMENDED that Defendants' motion to dismiss, filed on February 11, 2010, be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:      July 13, 2010**                                **     /s/ Sheila K. Oberto          **
                                                             UNITED STATES MAGISTRATE JUDGE