# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BRANDON L. SHERMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>F. GONZALES, et al.,<br><br>            Defendants. | CASE NO. 1:09-cv-00420-LJO-GBC PC<br><br>ORDER DENYING MISCELLANEOUS MOTION AS MOOT<br>(Doc. 43)<br><br>ORDER DENYING MOTION FOR COURT TO ORDER PRISON OFFICIALS TO PHOTOCOPY DOCUMENTS<br>(Doc. 45) |
|---|---|

_____ /

Plaintiff Brandon L. Sherman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 17, 2010, Plaintiff filed a motion requesting permission to file a motion for summary judgment without having to give notice to the defendants. (Doc. 43). As Plaintiff has already filed a motion for summary judgment (Doc. 50) and the Defendants have responded (Doc. 51), Plaintiff's motion is denied as moot.

On January 3, 2011, Plaintiff filed a motion seeking the Court to order prison officials to make copies beyond the 100 page limit as set by prison policy. (Doc 45). The Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970). Moreover, the Court lacks jurisdiction to issue an order requiring the designated prison officials to make extra copies for Plaintiff. *See Zepeda v. United*

*States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).   Therefore, the Court defers to the prison's policies and practices in limiting prisoners to 100 copies.

IT IS SO ORDERED.

Dated:     May 4, 2011

UNITED STATES MAGISTRATE JUDGE