# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON L. SHERMAN, | CASE NO. 1:09-cv-00420-LJO-GBC (PC) |
| Plaintiff, | ORDER GRANTING IN PART DEFENDANTS' RULE 56(d) MOTION BY CONTINUING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| F. GONZALES, et al., | (Docs. 50, 51) |
| Defendants. | |

**I.   Procedural History**

Plaintiff, Brandon L. Sherman, ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's original complaint, filed March 5, 2009, against Defendants Rivera, Walker, Rocha, Pinkerton, and Martinez ("Defendants") for violation of the Eighth Amendment. (Doc. 11). On February 4, 2011, Plaintiff filed a motion for summary judgment. (Doc. 50). On February 16, 2011, Defendants filed a motion pursuant Rule 56(d) of the Federal Rules of Civil Procedure.[1] (Doc. 51). On March 3, 2011, Plaintiff filed an opposition to Defendants' Rule 56(d) motion. (Docs. 53, 54, 55). On March 8, 2011, Defendants filed a reply. (Doc. 56).

///

---

[1] The provisions now found in subsection (d) of Rule 56 were set forth in subsection (f) prior to December 1, 2010. The court construes Defendants' Rule 56(f) request as made pursuant to Rule 56(d).

1

## II. Rule 56(d)

Under Rule 56(d) of the Federal Rules of Civil Procedure, the Court may order a continuance, among other alternatives, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition ." Where a summary judgment motion is filed before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(d) motion fairly freely. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although [Rule 56(d)] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)); *see also Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995) (describing "the usual generous approach toward granting Rule 56(f) motions"). 'The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment.' *Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-30 (9th Cir. 2004) (quoting *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir.2001)). "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.' *Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir.1986)).

Defendants assert that they provided Plaintiff notice of their request for deposition well in advance of Plaintiff filing a motion for summary judgment. (Doc. 51-1). Defendants also assert that as of the time of Plaintiff's motion for summary judgment, Defendants had not yet taken a deposition of Plaintiff which was scheduled for February 23, 2011, and that Defendants still needed to obtain their expert testimony. (Doc. 51-1). Additionally, Defendants had a change of counsel on January 20, 2011, and the new counsel would need some time to familiarize himself with the case. (Doc. 51-

1). Finally, the Court's scheduling order states that the discovery cut off is May 10, 2011, and the deadline for dispositive motions is July 21, 2011. Since Defendants have made a timely request for a continuance under Rule 56(d), had discovery requests for relevant discovery (deposition of Plaintiff) still pending before Plaintiff filed a motion for summary judgment, the Court finds that Defendants' motion pursuant to 56(d) is warranted to allow Defendants to complete discovery within the previous deadlines set out in the scheduling order.

Therefore, Defendants' Rule 56(d) motion is GRANTED IN PART and Defendants are granted an extension until July 21, 2011,[2] to file an opposition to Plaintiff's motion for summary judgment. Defendants' Rule 56(d) motion is denied in part to the extent that they request for Plaintiff's motion for summary judgment be denied as premature.

IT IS SO ORDERED.

Dated:   May 5, 2011

UNITED STATES MAGISTRATE JUDGE

---

[2] Since July 21, 2011, is the deadline for pre-trial dispositive motions, that should allow Defendants sufficient time to submit an opposition.

3