# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON L. SHERMAN,<br><br>            Plaintiff,<br><br>   v.<br><br>F. GONZALES, et al.,<br><br>            Defendants. | CASE NO. 1:09-cv-00420-LJO-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR COURT TO APPOINT EXPERT WITNESS<br><br>(Doc. 72) |

     Plaintiff, Brandon L. Sherman, ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Martinez, Pinkerton, Rivera, Rocha and Walker. (Docs. 13, 16, 18). On July 21, 2011, the Defendants filed a cross-motion for summary judgment and opposition to Plaintiff's motion for summary . (Doc. 66). On August 19, 2011 Plaintiff filed an opposition. (Docs. 71, 72, 73, 74). In Plaintiff's opposition Plaintiff also requested for the Court to appoint an expert witness to aid in his ability to oppose Defendants' motion for summary judgment. (Doc. 73 at 2). On August 26, 2011, Defendants filed a reply arguing against appointing counsel. (Doc. 79).

     The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which reads, in part, "The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed..." Fed. R. Evid. 706(a); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th

Cir. 1999). The instant action involves allegations of deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. The court finds that the issues in these motions for summary judgment are not so complex as to require the testimony of an expert witness.

Additionally, plaintiff is proceeding in forma pauperis and is, by his own admission, unable to compensate an expert witness. Pursuant to Rule 706, the court has discretion to apportion costs in the manner directed by the court, including the apportionment of costs to one side. Fed. R. Ev. 706(b). In instances such as this, where the government would likely bear the cost, the court should exercise caution. The court has a burgeoning docket of civil rights cases filed by prisoners proceeding pro se and in forma pauperis. The facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before this court. Finally, the Court finds that Plaintiff's request for an expert witness is untimely as discovery has already closed and Plaintiff's opposition is currently before the court.

Based of the foregoing the Court HEREBY ORDERS that Plaintiff's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:    October 3, 2011

UNITED STATES MAGISTRATE JUDGE